# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-05869-RGK-RAO | Date | June 8, 2020 |
|---|---|---|---|
| Title | *LIQWD, INC. v. L'OREAL S.A.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order to Show Cause Why the Statute of Limitations Would or Would Not Be Tolled

On January 5, 2017, Liqwd, Inc. and Olaplex, LLC ("Plaintiffs") filed a complaint against L'Oréal S.A. ("Defendant") and its subsidiaries in the United States District Court in the District of Delaware (the "Delaware Action"). On April 23, 2018, the Delaware Court dismissed Defendant for lack of personal jurisdiction. Subsequently, on July 8, 2019, Plaintiffs re-filed their action solely against Defendant, alleging trade secret misappropriation under both state and federal law (the "instant action").

Defendants filed motions to dismiss the instant action pursuant to both Federal Rules 12(b)(2) and 12(b)(6). Following Plaintiffs' appeal of Defendant's dismissal in the Delaware Action, Defendant argued in its 12(b)(2) Reply brief that the Court should dismiss the instant action pursuant to the comity doctrine and the first-to-file rule. After the Court gave Plaintiffs the opportunity to respond, Plaintiffs argued that dismissal is inappropriate because Plaintiffs' claims would be barred by the statute of limitations. *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 629 (9th Cir. 1991) (reversing dismissal in favor of a stay because plaintiff "would have to file a new suit . . . and would risk encountering statute of limitations problems.").

Accepting Plaintiffs' allegations in the Complaint as true, the statute of limitations expired on July 19, 2019, three years after Plaintiffs first discovered Defendant's misappropriation. *See* 18 U.S.C.A. § 1836(d); (Compl. ¶ 78, ECF No. 1.) However, it appears that the statute of limitations could be equitably tolled. Federal courts have allowed equitable tolling "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990). Plaintiffs suggest in their Complaint that the Delaware Action may provide such a basis for equitable tolling. (Compl. ¶ 80.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-05869-RGK-RAO | Date | June 8, 2020 |
|---|---|---|---|
| Title | *LIQWD, INC. v. L'OREAL S.A.* | | |

Accordingly, the Court orders Plaintiffs and Defendant to show cause in writing by **June 15, 2020** why the statute of limitations would or would not be tolled if the instant action were dismissed. The parties' filings must be no more than **7 pages** in length.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer  _____